UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Civil Action No. __5:20-cv-00552_____

RANDY BRITTON,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT

**NOW COMES** RANDY BRITTON, through undersigned counsel, complaining of Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. RANDY BRITTON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. ALLIANCEONE RECEIVABLES MANAGEMENT, INC., ("Defendant") is a limited liability company organized and existing under the laws of Pennsylvania.

9. Defendant has its principal place of business at 4850 E. Street Road, Suite 300, Trevose, Pennsylvania 19053.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. On or around May 2020, Plaintiff started to receive phone calls from Defendant.

14. Upon answering Defendant's telephone call Plaintiff informed Defendant to stop contacting him.

15. On information and belief, Defendant is calling Plaintiff regarding an alleged outstanding medical debt.

16. The debt Defendant sought to collect is a "debt" as defined by 15 U.S.C. § 1692a(6).

17. The debt Defendant sought to collect is a "debt" as defined by Fla. Stat. § 559.55(6).

18. Unfortunately, Defendant has continued to place phone calls to Defendant despite the request to stop.

19. Defendant continues to contact Plaintiff from the number including but not limited to (866)-760-1923.

20. Defendant's phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

21. Since requesting the telephone calls cease, Plaintiff has received over 30 unwanted and unconsented to collection calls.

22. Defendant's phone calls have caused Plaintiff anxiety, intrusion upon seclusion, invasion of privacy, and unnecessary stress.

23. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA §1692c

25. Pursuant to §1692c of the FDCPA, a debt collector is prohibited from communication with the consumer generally without the prior consent of the consumer given directly to the debt collector or the express permission of a court competent jurisdiction. A debt collector may not communicate with a consumer in connection with the collection of any debt: (1) at any unusual time or place or a time or place known or which be known to be inconvenient to the consumer.

26. Defendant violated §1692c(1) when it placed numerous unwanted and unconsented to collection calls to Plaintiff after being told to stop contacting him.

27. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt at a time they knew was inconvenient (any time after Plaintiff's stop calling request) is a violation of §1692c(1).

### b. Violations of FDCPA §1692d

28. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692d and d(5) when it placed no less than 30 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

31. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

32. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant knew Plaintiff no longer wished to be contacted on his cellular telephone.

33. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

34. Plaintiff may enforce the provisions of 15 U.S.C.§§c(1), d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to

comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

35. All preceding paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

36. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

5

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

37. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

38. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: November 12, 2020                    Respectfully submitted,

**RANDY BRITTON**

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com